UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-1674-M

RAYMOND A. JETT, JR., *et al.*,

    Plaintiffs,

v.

THE COUNTRY ACRES
ASSOCIATION OF COLUMBUS
COUNTY LTD, et al.,

    Defendants.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on *pro se* Plaintiff Raymond Jett's application to proceed *in forma pauperis* and for frivolity review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), [DE-2, -8]; motion for leave to act as duly appointed representatives for minors, [DE-5]; and motion for injunction, [DE-6]. Plaintiff Raymond Jett has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed. However, when multiple plaintiffs are seeking to proceed *in forma pauperis*, each must fill out a separate application. Accordingly, Tara Jett must file an application to proceed *in forma pauperis* or pay the filing fee by no later than **May 6, 2024**, or her claims may be dismissed. On frivolity review, it is recommended that (1) the claims on behalf of the minor children be dismissed without prejudice; (2) the 42 U.S.C. § 1982 and state law tort claims against George Coleman and Michael Coleman be allowed to proceed; (3) the claims under N.C. Gen. Stat. § 14-401.14, Ethnic Intimidation, and Section 5(a) of the Federal Trade Commission Act be dismissed with prejudice; (4) the remaining claims be dismissed without prejudice; and (5) the motions for leave to act as a representative for the minors and the motion for injunction be denied.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House*

2

*of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995).

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiffs are proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. DISCUSSION

Plaintiffs Raymond and Tara Jett, husband and wife, and their four minor children filed a complaint against George Coleman, Michael Coleman, Mitchell Powell, Martin Scott, The Country Acres Association of Columbus County Ltd., and several other individuals, alleging racial harassment and discrimination in violation of 42 U.S.C. § 1982, the Fair Housing Act, the Americans with Disabilities Act, and state law, as well as violations of state law related to the development and governance of the Country Acres subdivision in which Plaintiffs own a home. Plaintiffs also list claims for civil fraud, civil conspiracy, defamation, libel, slander, and violation

3

of Section 5(a) of the Federal Trade Commission Act alongside the case caption but assert those claims nowhere in the body of the amended complaint. Am. Compl. [DE-8].

Plaintiffs are an interracial couple with biracial children living in Chadbourn, North Carolina. *Id.* ¶ 4. Michael and George Coleman reside in Chadbourn but not in Country Acres. *Id.* ¶¶ 10–11. Mitchell Powell is the developer of the Country Acres subdivision and a friend of Michael Coleman. *Id.* ¶ 17. Martin Scott is an attorney who represents Powell. *Id.* ¶ 32. The Country Acres Association of Columbus County Ltd. is the homeowner's association for the Country Acres subdivision. *Id.* ¶¶ 66, 116. Perry and Keysha Frink, Earlene Flowers, Andrea Williamson, Bobby and Tina Hammonds, Teresa Smith, Shenka and Marquette Banks, Lakeesha McCellon, William and Anna Godfrey, and Valentin and Margarita Villafuerte are homeowners in Country Acres. *Id.* ¶¶ 14–27, 76.

Plaintiffs allege that Powell violated state law when he developed Country Acres by, among other things, not making certain disclosures to the subdivision owners regarding the maintenance of the roads and that Powell conspired with other homeowners to terminate the homeowner's association and avoid liability for road repairs. *Id.* ¶¶ 39–40, 75–76. Plaintiffs attempted to hold Powell accountable and to enforce the subdivision Covenants, Conditions, and Restrictions, but Powell frustrated those efforts; in retaliation, Powell, with the aid of Scott, refused to sell Plaintiffs two additional lots in Country Acres and charged an additional financing fee on the two additional lots Powell did sell to Plaintiffs. *Id.* ¶¶ 20–63.

Plaintiffs also allege that George Coleman, a known friend of Powell, harassed and threatened Plaintiffs due to Raymond Jett "actively moving the homeowners association into compliance . . . ." *Id.* ¶ 65. In April 2022, after Jett notified Coleman, who did not live in Country Acres, that the road in front of Jett's home was private and for the use of subdivision members

4

only, Coleman rode his ATV up and down the street revving the engine in a loud manner at various hours of the day and night. *Id.* ¶ 7. Coleman is also alleged to have yelled racial slurs at Plaintiffs, and the amended complaint details several instances of such conduct throughout 2022. *Id.* ¶¶ 8–15. Plaintiffs also allege that on one occasion Michael Coleman joined George Coleman in yelling racial slurs at Jett. *Id.* ¶¶ 16–17. Jett claims Michael Coleman told him that Powell said Jett was a troublemaker and that there would never be a homeowner's association in Country Acres. *Id.* ¶ 17.

Plaintiffs seek an award of damages against George and Michael Coleman under § 1982 and the North Carolina Ethnic Intimidation Act, N.C. Gen. Stat. § 14-401.14, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988; damages against Powell and Scott, including reimbursement of fees and costs related to the reestablishment of the homeowner's association and for the cost of speed bumps purchased for the subdivision, and attorney's fees pursuant to § 1988; and as to the remaining defendants, a permanent injunction setting aside the agreement to terminate the planned community and restraining them from the complained-of conduct, directing the defendants to abide by the original Covenant, Conditions, and Restrictions to include the collection of dues, directing the appointment of a management company for the subdivision, and awarding damages, costs, and attorney's fees. *Id.* ¶¶ 120–22.

### A. Claims of the Minor Children

Raymond and Tara Jett seek to assert claims on behalf of their four minor children. The Jetts are representing themselves without legal counsel, i.e., proceeding *pro se*, and therefore are not permitted to represent others in a *pro se* capacity. *See Myers v. Louden Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.

5

1975) (per curiam)). "The Fourth Circuit has rejected the right of individuals to litigate *pro se* on behalf of others, even with respect to a non-attorney parent's claims on behalf of their minor children in federal court." *Braun on behalf of C.B. v. North Carolina*, No. 3:23-MC-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023) (citing *Myers*, 418 F.3d at 401). This rule protects children from "well-meaning, but legally untrained" relatives who attempt to litigate on a child's behalf. *See Williams ex rel. E.W. v. Wake Cnty. Pub. Sch. Sys.*, No. 5:08-CV-92-D, 2008 WL 2491129, at *1 (E.D.N.C. June 20, 2008) (dismissing complaint because the plaintiff was not permitted to litigate *pro se* on behalf of a minor child) (quoting *Myers*, 418 F.3d at 401); *Verbal v. Krueger*, No. 1:09-CV-990, 2010 WL 276644, at *3 (M.D.N.C. Jan. 15, 2010) (dismissing a claim on frivolity review because a *pro se* plaintiff could not proceed as next friend for her minor child).

While the Jetts have filed a motion seeking permission to act as the duly appointed representative of the minors for purposes of satisfying Fed. R. Civ. P. 17(c), [DE-5], because they cannot act as their minor children's counsel in a *pro se* capacity, their appointment as representatives would be futile. Accordingly, it is recommended that the motion be denied and the claims of the minor children be dismissed without prejudice.

### B. § 1982 and State Law Tort Claims Against George and Michael Coleman

Plaintiffs allege claims against George and Michael Coleman under § 1982 and for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Am. Compl. [DE-8] at 28–29, 31–33.

Title 42 U.S.C. § 1982 (1994) provides that, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." To succeed on a § 1982 claim, "a plaintiff must demonstrate that defendant impeded or restricted the use of his or her property on

6

Case 7:23-cv-01674-M-RJ   Document 16   Filed 04/22/24   Page 6 of 14

the basis of their race." *Frazier v. Cooke*, No. 4:17-CV-54, 2017 WL 5560864, at *5–6 (E.D. Va. Nov. 17, 2017) (citing *Bradley v. Carydale Enter.*, 730 F. Supp. 709, 717 (E.D. Va. 1989)). In *Frazier v. Cooke*, the court found that allegations of defendants honking their horn when driving by plaintiffs' home, aggressively questioning plaintiffs' family member to force them to leave a residential beach, and stating they would buy plaintiffs' home and evict them, all after a physical altercation that involved the use of racial slurs, were sufficient evidence to infer racial animus. *Id.* at *5. The *Frazier* court also found that plaintiffs' allegations that they feared for their safety and no longer felt comfortable outside their home were sufficient to plead that the racial animus interfered with their ability to "hold" property. *Id.* at *6.

Similarly, here, Plaintiffs allege that George Coleman rode his ATV in front of Plaintiffs' home on multiple occasions during 2022 while revving his engine at various hours of the day and night, yelled racial slurs, threw beer cans into Plaintiffs' yard, and even threatened to kill Raymond Jett. Am. Compl. [DE-8] ¶¶ 4–15. Plaintiffs also allege that on August 5, 2022, Michael Coleman joined George in yelling a racial slur at Jett, and the two blocked Jett's driveway, which Jett reported to the Columbus County Sheriff's Department. *Id.* ¶¶ 15–19. Plaintiffs were intimidated by George and Michael Colemans' threats to come onto Plaintiffs' property and cause them physical harm and lived in constant fear of harm, which interfered with their right to enjoy their property. *Id.* ¶¶ 93–95. Given these allegations, dismissal on frivolity review of the § 1982 claim against George and Michael Coleman is not appropriate at this time.

As for the state law tort claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, the allegations are likewise sufficient to proceed past frivolity review. *See Russ v. Causey*, 732 F. Supp. 2d 589, 607 (E.D.N.C. 2010) (to state a claim for intentional infliction of emotional distress, a plaintiff must show (1) extreme and

7

outrageous conduct by the defendants (2) which is intended to and does in fact cause (3) severe emotional distress) (citing *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994)); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 545 (E.D.N.C. 2008) ("To state a claim for [negligent infliction of emotional distress], 'a plaintiff must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . ., and (3) the conduct did in fact cause the plaintiff severe emotional distress.'" (quoting *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)); *R.A. v. Iredell-Statesville Sch. Dist. Bd. of Educ.*, No. 5:20-CV-00192-KDB-SCR, 2023 WL 8461634, at *9 (W.D.N.C. Dec. 6, 2023) ("In North Carolina, negligence has three essential elements: '(1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that legal duty, and (3) injury proximately caused by the breach.'") (quoting *Keith v. Health-Pro Home Care Services, Inc.*, 873 S.E.2d 567, 574 (N.C. 2022)). Any potential defenses are better evaluated on a fully briefed Rule 12 motion.

Accordingly, it is recommended that Plaintiffs' claims against George and Michael Coleman under § 1982 and for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence be allowed to proceed at this time.

### C. Fair Housing Act, Americans with Disabilities Act, and Federal Trade Commission Act Claims

Plaintiffs state they are bringing this action pursuant to the Fair Housing Act, Am. Compl. [DE-8] at 6, which prohibits discrimination in the sale or rental of housing, 42 U.S.C. § 3604. Plaintiffs do not state which provisions of the act were violated or how, and a conclusory statement that the act was violated is insufficient to state a claim. *See Adolphe v. Option One Mortg. Corp.*, No. 3:11-CV-418-RJC, 2012 WL 5873308, at *7 (W.D.N.C. Nov. 20, 2012) ("A single conclusory

8

Case 7:23-cv-01674-M-RJ Document 16 Filed 04/22/24 Page 8 of 14

statement that the NCFHA and FHA were violated is insufficient to state a claim for which relief may be granted."). Furthermore, while Plaintiffs allege that Powell has refused to follow through on an agreement to sell Jett two additional lots in the subdivision, Am. Compl. [DE-8] ¶¶ 20–26, they have not sufficiently alleged that the failure to sell the lots was due to a discriminatory purpose, i.e., race, color, religion, sex, familial status, handicap, or national origin discrimination, *see* 42 U.S.C. §§ 3604, 3605. Rather, Plaintiffs allege that Powell delayed five years in closing on two of the lots and refused to close on the other two lots because Jett exposed Powell's purported lies and improper disclosures regarding the Country Acres homeowner's association. Am. Compl. [DE-8] ¶¶ 77–78. Legal conclusions of discrimination without supporting facts are insufficient to state a Fair Housing Act claim. *See Warren v. Carroll*, No. 1:21-CV-415, 2021 WL 11134946, at *2 (M.D.N.C. Aug. 31, 2021), *adopted by*, 2021 WL 11134940 (M.D.N.C. Oct. 6, 2021).

To the extent Plaintiffs attempt to state a claim for retaliation under the Fair Housing Act, an individual must have been engaged in "protected activity," which includes "any action taken to protest or oppose statutorily prohibited discrimination or the exercise or enjoyment of rights under 42 U.S.C. § 3604 to equal services and conditions of housing." *May v. Martin Fein Int. Ltd.*, No. 5:21-CV-83-M, 2024 WL 1327371, at *12 (E.D.N.C. Feb. 29, 2024) (citations and internal quotation marks omitted), *adopted by*, 2024 WL 1309177 (E.D.N.C. Mar. 27, 2024). Plaintiffs have not alleged they engaged in any protected activity. Accordingly, Plaintiffs have failed to state a Fair Housing Act claim.

Plaintiffs also state that they are bringing this action under the Americans with Disabilities Act ("ADA") "for imposing harsh and cruel fines and penalties on the disabled and reasonable accommodations." Am. Compl. [DE-8] at 6. Like the Fair Housing Act claim, Plaintiffs have failed to state which provisions of the act were violated or how, and even construing the complaint

9

liberally there are no allegations that would support an ADA claim. Accordingly, Plaintiffs have failed to state an Americans with Disabilities Act claim.

Plaintiffs cite Section 5(a) of the Federal Trade Commission Act ("FTCA") in a list of claims alongside the case caption. Am. Compl. [DE-8] at 1. Section 5 of the FTCA, 15 U.S.C. § 45, prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce. This provision provides for no private right of action. *See Cole v. Montgomery*, No. 1:22CV734, 2023 WL 5041822, at *10 (M.D.N.C. Aug. 8, 2023) (citing *Baum v. Great W. Cities, Inc., of N.M.*, 703 F.2d 1197, 1209 (10th Cir. 1983) ("[P]rivate litigants cannot invoke the jurisdiction of the district courts by alleging violations of business practices proscribed by 15 U.S.C.A. § 45(a)(1)."); *J.R. v. Walgreens Boots Alliance, Inc.*, No. 20-1767, 2021 WL 4859603, at *8 (4th Cir. Oct. 19, 2021) (noting that "[t]hough we have not yet addressed this issue, other Circuits have uniformly found the FTCA does not contain an implied private right of action" and collecting cases)). Accordingly, Plaintiffs cannot state a claim under Section 5(a) of the FTCA, and this claim should be dismissed with prejudice.

### D. Claims under N.C. Gen. Stat. § 14-401.14, Ethnic Intimidation

Plaintiffs attempt to assert a claim under N.C. Gen. Stat. § 14-401.14, Ethnic Intimidation, which provides that "[i]f a person shall, because of race, color, religion, nationality, or country of origin, assault another person, or damage or deface the property of another person, or threaten to do any such act, he shall be guilty of a Class 1 misdemeanor." N.C. Gen. Stat. § 14-401.14(a). The statute also criminalizes assembling to teach any technique to be used for ethnic intimidation. *Id.* § 14-401.14(b). The Ethnic Intimidation statute is a criminal statute that does not create a private civil cause of action. *See Tribble v. Reedy*, 888 F.2d 1387, 1989 WL 126783 (4th Cir. 1989) (per curiam) ("Unless there is a clear Congressional intent to provide a civil remedy, a plaintiff

cannot recover civil damages for an alleged violation of a criminal statute."); *Dingle v. Baggett*, No. 5:19-CV-00425-D, 2020 WL 5245986, at *5 (E.D.N.C. July 31, 2020) ("[C]riminal statutes 'proscribe crimes; they do not, of themselves, create civil liability.'") (quoting *Kebort v. Stiehl*, No. 5:17-CV-418-D, 2018 WL 2927762, at *3 (E.D.N.C. May 17, 2018)), *objections overruled,* 2020 WL 5217393 (E.D.N.C. Sept. 1, 2020), *aff'd,* 860 F. App'x 41 (4th Cir. 2021). Accordingly, it is recommended this claim be dismissed with prejudice.

### E. State Law Tort Claims Against the Remaining Defendants

Plaintiffs also allege a negligence claim against Powell and Scott and allege civil fraud, civil conspiracy, defamation, libel, and slander against unspecified defendants, which the court construes from the allegations to be against Powell, Scott, and/or the homeowner defendants. Am. Compl. [DE-8] at 1, ¶¶ 113–19. Plaintiffs assert that Powell and Scott "made false and misleading statements in the furtherance of their retaliation against the plaintiff" related to Jett being elected president of the homeowner's association, Powell refused to allow the association to collect fees from the homeowners, and Powell refused to allow the members of the association to meet and discuss future plans for the subdivision. *Id.* ¶¶ 117–19. Plaintiffs allege that Powell enlisted the help of the remaining defendants, who live in Country Acres, in a conspiracy to terminate the homeowner's association and to prevent Powell from being held liable to repair the subdivision. *Id.* ¶¶ 75–76. Plaintiffs also allege that Powell and Scott engaged in "bait and switch" advertising as grounds for a common law fraud action, *id.* ¶ 79, and Powell and the homeowners engaged in a conspiracy to prevent Powell from being held responsible for road maintenance, *id.* ¶ 75–76. The factual basis for the defamation, libel, and slander claims is unclear.

> Federal courts may exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court. 28 U.S.C.A. § 1367 (West 1993). "The state and

11

> federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *see also Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 662 (4th Cir.1998) (noting that § 1367 codified the Supreme Court's holding in *Gibbs*).

*Isaac v. N.C. Dep't of Transp.*, 192 F. App'x 197, 199 (4th Cir. 2006).

Plaintiffs' purely state law claims against Powell, Scott, and the homeowners do not "derive from the same common nucleus of operative fact" as the federal § 1982 claim against George and Michael Coleman. Powell and Scott are not alleged to have participated in the actions that form the basis of the § 1982 claim; rather, the claims against Powell and Scott are related to alleged wrongful conduct in developing the subdivision, establishing the homeowner's association, and completing the sale to Jett of additional subdivision lots he sought to purchase from Powell. For example, Plaintiffs allege issues with Powell related to the subdivision dating back to 2016 and 2017, Am. Compl. [DE-8] ¶¶ 42–44, 58, and that Scott and Powell had been avoiding closing on the additional lots Jett sought to purchase going back to 2020, *id.* ¶¶ 25–26; but according to the Amended Complaint, the harassing activity by George and Michael Coleman started on April 18, 2022, after Jett provided George Coleman with a copy of the street disclosure statement designating the road as private so that Coleman could not utilize it as a non-resident, *id.* ¶ 7. Because the claims against Powell, Scott, and the homeowners do not "form part of the same case or controversy" as the § 1982 claim, the court should not exercise its supplemental jurisdiction, and it is recommended that the negligence claim against Powell and Scott, as well as any related claim against the remaining homeowner defendants, be dismissed. Likewise, because Plaintiffs' motion for an injunction relates to the sale of the lots and the negligence claim against Powell and

12

Scott, [DE-6], it should be denied.

### III. CONCLUSION

For the reasons stated above, Plaintiff Raymond Jett's application to proceed *in forma pauperis* is allowed, and Tara Jett must file an application to proceed *in forma pauperis* or pay the filing fee by no later than **May 6, 2024**, or her claims may be dismissed; and it is recommended that (1) the claims on behalf of the minor children be dismissed without prejudice; (2) the 42 U.S.C. § 1982 and state law tort claims against George Coleman and Michael Coleman be allowed to proceed; (3) the claim under N.C. Gen. Stat. § 14-401.14, Ethnic Intimidation, and Section 5(a) of the Federal Trade Commission Act be dismissed with prejudice; (4) the remaining claims be dismissed without prejudice; and (5) the motions for leave to act as a representative for the minors and the motion for injunction be denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 6, 2024** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and**

13

Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this the 22nd day of April, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge