UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-CV-1674-M

RAYMOND A. JETT, JR., *et al.*,

    Plaintiffs,

v.

GEORGE PARKER COLEMAN, *et al.*,

    Defendants.

MEMORANDUM AND RECOMMENDATION

This matter is before the court on Plaintiffs Raymond and Tara Jett's motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2). [DE-33]. The motion is non-dispositive, *see Steele v. Cap. One Home Loans, LLC*, 594 F. App'x 215, 216 (4th Cir. 2015); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D.N.C. 2011), but is referred for memorandum and recommendation, *see* Sept. 13, 2024 Text Order. For the reasons that follow, it is recommended that the motion to amend be denied.

I.    **Background**

Plaintiffs Raymond and Tara Jett, husband and wife, on behalf of themselves and their four minor children, initially filed a complaint and motion to proceed *in forma pauperis* on December 19, 2023, [DE-1, -2]. Prior to the court conducting the requisite frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiffs filed an amended complaint, which asserted claims against George Coleman, Michael Coleman, Mitchell Powell, Martin Scott, The Country Acres Association of Columbus County Ltd., and several other individuals, alleging racial harassment and discrimination in violation of 42 U.S.C. § 1982, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and state law, as well as violations of state law related to the

development and governance of the Country Acres subdivision in which Plaintiffs own a home. Am. Compl. [DE-8]. Plaintiffs also listed claims for civil fraud, civil conspiracy, defamation, libel, slander, and violation of Section 5(a) of the Federal Trade Commission Act alongside the case caption but asserted those claims nowhere in the body of the amended complaint. *Id.*

The following factual summary of the grounds for Plaintiffs' first amended complaint is incorporated from the court's prior Order and Memorandum and Recommendation on frivolity review:

> Plaintiffs are an interracial couple with biracial children living in Chadbourn, North Carolina. Michael and George Coleman reside in Chadbourn but not in Country Acres. Mitchell Powell is the developer of the Country Acres subdivision and a friend of Michael Coleman. Martin Scott is an attorney who represents Powell. The Country Acres Association of Columbus County Ltd. is the homeowner's association for the Country Acres subdivision. Perry and Keysha Frink, Earlene Flowers, Andrea Williamson, Bobby and Tina Hammonds, Teresa Smith, Shenka and Marquette Banks, Lakeesha McCellon, William and Anna Godfrey, and Valentin and Margarita Villafuerte are homeowners in Country Acres.
>
> Plaintiffs allege that Powell violated state law when he developed Country Acres by, among other things, not making certain disclosures to the subdivision owners regarding the maintenance of the roads and that Powell conspired with other homeowners to terminate the homeowner's association and avoid liability for road repairs. Plaintiffs attempted to hold Powell accountable and to enforce the subdivision Covenants, Conditions, and Restrictions, but Powell frustrated those efforts; in retaliation, Powell, with the aid of Scott, refused to sell Plaintiffs two additional lots in Country Acres and charged an additional financing fee on the two additional lots Powell did sell to Plaintiffs.
>
> Plaintiffs also allege that George Coleman, a known friend of Powell, harassed and threatened Plaintiffs due to Raymond Jett "actively moving the homeowners association into compliance . . . ." In April 2022, after Jett notified Coleman, who did not live in Country Acres, that the road in front of Jett's home was private and for the use of subdivision members only, Coleman rode his ATV up and down the street revving the engine in a loud manner at various hours of the day and night. Coleman is also alleged to have yelled racial slurs at Plaintiffs, and the amended complaint details several instances of such conduct throughout 2022. Plaintiffs also allege that on one occasion Michael Coleman joined George Coleman in yelling racial slurs at Jett. Jett claims Michael Coleman told him that Powell said Jett was a troublemaker and that there would never be a homeowner's association in Country

2

Acres. [DE-16] at 3–5. The court, in relevant part, allowed the § 1982 and state law tort claims by Tara and Raymond Jett against George Coleman and Michael Coleman to proceed; dismissed with prejudice the claims under N.C. Gen. Stat. § 14-401.14, Ethnic Intimidation, and Section 5(a) of the Federal Trade Commission Act; and dismissed without prejudice the remaining claims. [DE-20].

Plaintiffs subsequently sought to amend the complaint for a second time, [DE-28, -29], but the court denied the motion without prejudice for failure to comply with Local Civil Rule 15.1(a)(ii), which requires that the proposed amended pleading indicate in what respect it differs from the pleading that it amends. [DE-30]. On July 17, 2024, Plaintiffs filed the instant renewed motion for leave to file a second amended complaint, which was referred to the undersigned on September 13, 2024.

## II. Discussion

Rule 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, as applicable here, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). In making a Rule 15(a) determination, the following standard is to be employed by a court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

3

*Foman v. Davis,* 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, as a general rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and citation omitted). Whether to grant leave to amend a complaint or answer is committed to the sound discretion of the trial court. *Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008).

Plaintiffs seek to amend the complaint by "adding or clarifying aspects of the complaint because justice so requires that the plaintiff include the additional acts." Pls.' Mot. [DE-33] ¶ 7. It appears from the proposed second amended complaint that Plaintiffs seek to (1) reassert the FHA and ADA claims that were dismissed on frivolity review, Prop. 2d Am. Compl. [DE-33-1] at 1, 6, 32–34; (2) allege a violation of 28 U.S.C. § 242, *id.* at 2, 6; (3) reassert claims against previously dismissed defendants Mitchell C. Powell, C. Martin Scott, Earlene Flowers, Perry Frink, Keysha Frink, Andrea Williamson, Bobby Hammonds, Tina Hammonds, Lakesha McClellan, Shenicka Banks, Marquette Banks, Valentin Villafuerte, Margarita Villafuerte, Willie Godfrey, Anna Godfrey, and Teresa Smith, *id.* at 3–6; (4) add a new defendant, Phyllis Gorman, *id.* at 30; and (5) add additional factual allegations in support of the claims asserted, *see generally* Prop. 2d Am. Compl.

The court discerns no bad faith on the part of Plaintiffs in seeking to cure the deficiencies that led to the prior dismissal of certain defendants and claims, and the court finds no prejudice to the existing parties where they have not answered the amended complaint. Accordingly, the deciding factor is whether the proposed amendments would be futile.

4

### A. FHA and ADA Claims

Plaintiffs allege they were discriminated against on the basis of disability and race in violation of the FHA and ADA. Prop. 2d Am. Compl. [DE-33-1] at 6. Plaintiffs claim they were the victims of racist threats and retaliatory actions for seeking to have their neighborhood Homeowner's Association ("HOA") enforce its Covenants, Conditions, and Restrictions, and that Mitchell Powell refused to follow through on an agreement to sell Raymond Jett two additional lots in the neighborhood, delayed in selling Jett two other lots, and charged Jett excess financing fees in retaliation for Jett seeking to enforce the HOA bylaws. *Id.* at 7, 12–13, 29–30. The proposed amended complaint also alleges that Raymond Jett is a disabled veteran suffering from anxiety, insomnia, chronic kidney disorder, chronic liver disorder, and post-traumatic stress disorder. *Id.* Finally, Plaintiffs allege that Defendants knew the main road through the neighborhood needed to be maintained and usable to persons with disabilities; their failure to maintain the road will allow it to fall into disrepair; and Powell failed to get approval from the North Carolina Department of Transportation ("NCDOT") when he installed the road, which resulted in the neighborhood being unable to now get assistance from NCDOT to maintain the road. *Id.* at 32–33.

Plaintiffs' proposed second amended complaint fails to state a claim under the FHA or ADA. Plaintiffs have not sufficiently alleged that the purported violations were motivated by a discriminatory purpose, i.e., race, color, religion, sex, familial status, handicap, national origin, or disability discrimination. *See* 42 U.S.C. §§ 3604, 3605, 12182. Rather, Plaintiffs allege that they were retaliated against for seeking to enforce the HOA Covenants, Conditions, and Restrictions and bylaws. Prop. 2d. Am. Compl. [DE-33-1] ¶¶ 8, 30, 32, 52, 73–82. Furthermore, the allegation that failure to maintain the main subdivision road "will allow" it to fall into disrepair and become

5

inaccessible to persons with disabilities is speculative. *Id.* ¶ 101. Legal conclusions of discrimination without supporting facts are insufficient to state a claim. *See Warren v. Carroll*, No. 1:21-CV-415, 2021 WL 11134946, at *2 (M.D.N.C. Aug. 31, 2021), *adopted by*, 2021 WL 11134940 (M.D.N.C. Oct. 6, 2021). Accordingly, asserting these claims would be futile and the motion to amend the complaint to add them should be denied as to the ADA and FHA claims.

### B. 28 U.S.C. § 242 Claim

Plaintiffs allege a violation of 28 U.S.C. § 242, which makes it a crime for a person acting under color of law to willfully deprive another of a right or privilege protected by the Constitution or federal law. Plaintiffs cannot state a claim under § 242 because it is a criminal statue that does not create a private right of action. *See Hicks v. Kiser*, No. 5:24-CV-225-BO, 2024 WL 3391108, at *2 (E.D.N.C. June 28, 2024) (citing *Dingle v. Baggett*, No. 5:19-CV-34-D, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action.")). Accordingly, it would be futile to allow Plaintiffs to amend the complaint to assert a claim under § 242 and the motion should be denied as to this claim.

### C. Phylis Gorman

Plaintiffs seek to add a new defendant, Phyllis Gorman, to this action. Prop. 2d. Am. Compl. [DE-33-1] at 30. Phyllis Gorman is alleged to be a state court judge and the allegations against her relate to her handling of a court case Raymond Jett filed in state court. *Id.* at 30–34. Judge Gorman is entitled to judicial immunity because the complained of conduct relates to the performance of judicial acts for which she is entitled absolute immunity. *See Dove v. Pate*, No. 5:15-CT-3132-BO, 2016 WL 7655777, at *2 (E.D.N.C. Jan. 12, 2016) ("judges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims") (collecting cases), *aff'd*, 651 F. App'x 188 (4th Cir. 2016). "Judges are subject to civil liability for

6

judicial acts only where they act in 'clear absence of all jurisdiction.'" *Fullard v. Horne*, No. 5:17-CT-3159-FL, 2018 WL 3302732, at *3 (E.D.N.C. July 5, 2018) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)), *aff'd*, No. 18-6896, 2019 WL 117113 (4th Cir. Jan. 7, 2019); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (holding that because there was not "a clear absence of subject-matter jurisdiction," the judge was "clothed with judicial immunity"). Even accusations of malice or corruption are insufficient to overcome judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"). There are no allegations from which the court could find that Judge Gorman was acting in clear absence of jurisdiction; thus, she is entitled to absolute immunity and the claims against her are futile.

### D. State Law Tort Claims Against the Remaining Defendants

To the extent Plaintiffs seek to add back to the suit the negligence or other state law claims against individual defendants Mitchell C. Powell, C. Martin Scott, Earlene Flowers, Perry Frink, Keysha Frink, Andrea Williamson, Bobby Hammonds, Tina Hammonds, Lakesha McClellan, Shenicka Banks, Marquette Banks, Valentin Villafuerte, Margarita Villafuerte, Willie Godfrey, Anna Godfrey, and Teresa Smith, Prop. 2d Am. Compl. [DE-33-1] at 3–6, the court should decline to do so for the same reason they were initially dismissed from this action. As previously explained,

> Plaintiffs' purely state law claims against Powell, Scott, and the homeowners do not "derive from the same common nucleus of operative fact" as the federal § 1982 claim against George and Michael Coleman. Powell and Scott are not alleged to have participated in the actions that form the basis of the § 1982 claim; rather, the claims against Powell and Scott are related to alleged wrongful conduct in developing the subdivision, establishing the homeowner's association, and completing the sale to Jett of additional subdivision lots he sought to purchase from Powell. For example, Plaintiffs allege issues with Powell related to the subdivision dating back to 2016 and 2017, Am. Compl. [DE-8] ¶¶ 42–44, 58, and that Scott and

7

> Powell had been avoiding closing on the additional lots Jett sought to purchase going back to 2020, *id.* ¶¶ 25–26; but according to the Amended Complaint, the harassing activity by George and Michael Coleman started on April 18, 2022, after Jett provided George Coleman with a copy of the street disclosure statement designating the road as private so that Coleman could not utilize it as a non-resident, *id.* ¶ 7. Because the claims against Powell, Scott, and the homeowners do not "form part of the same case or controversy" as the § 1982 claim, the court should not exercise its supplemental jurisdiction, and it is recommended that the negligence claim against Powell and Scott, as well as any related claim against the remaining homeowner defendants, be dismissed.

[DE-16] at 12. Nothing in the Second Proposed Amended Complaint changes this result. Accordingly, the motion to amend should be denied as to these individual defendants.

### E. Additional Factual Allegations

Plaintiffs also seek to add additional factual allegations in support of the claims asserted. Mot. [DE-33] at 3. However, the additional allegations do not appear related to the § 1982 and state law claims against George and Michael Coleman but rather appear related to the above discussed claims, which it is recommended Plaintiffs' not be allowed to add, or are not in fact new allegations. *See generally* Prop. 2d Am. Compl. [DE-33-1]. Accordingly, the motion to amend to add additional factual allegations should be denied.

### III. Conclusion

For the reasons stated above, it is recommended that the motion to amend be denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **November 5, 2024** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the 22nd day of October, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge