IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CV-01674-M-RJ

RAYMOND A. JETT, JR. and
TARA S. JETT,

    Plaintiffs,

v.

GEORGE PARKER COLEMAN and
MICHAEL P. COLEMAN,

    Defendants.

ORDER

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert B. Jones, Jr. in this case on October 22, 2024 [DE 42]. In the Recommendation, Judge Jones recommends that the court deny Plaintiffs' motion to amend their (amended) complaint on grounds of futility. DE 42 at 1, 5-8. Plaintiffs filed a limited objection to the Recommendation. DE 43.[1]

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

---

[1] Plaintiffs did not object to the Recommendation as it pertains to Plaintiffs' proposed claim under 28 U.S.C. § 242, their attempt to add a state court judge to the action, or their attempt to add back state law tort claims that were previously dismissed. *See* DE 43 at 1-6.

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court has reviewed those portions of the Recommendation to which Plaintiffs did not object, discerns no clear error, and adopts those portions of the Recommendation as its own. Further, upon de novo review of the portion of the Recommendation to which Plaintiffs lodged objections, the court fully agrees with the conclusions of the Recommendation and adopts them as well. Plaintiffs seek to add Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") claims, but as Judge Jones observed, Plaintiffs failed to allege "that the purported violations were motivated by a discriminatory purpose." DE 42 at 5. Plaintiffs object to that finding, arguing that "[t]he defendants listed in the amended complaint knowingly, purposely and with malicious intent violated the FHA and ADA rules." DE 43 at 3. But that is a conclusory assertion that the court need not credit or accept as true. The allegations in the proposed second amended complaint reflect that "Plaintiffs . . . were retaliated against for seeking to enforce [certain Homeowners Association] Covenants, Conditions, and Restrictions and bylaws." DE 42 at 5. Therefore, amendment of the amended complaint to include FHA and ADA claims would be futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Accordingly, the court ADOPTS the Recommendation [DE 42] in full and DENIES Plaintiffs' renewed motion for leave to amend [DE 33]. As an additional matter, the court sua sponte observes that Plaintiff Tara Jett's 42 U.S.C. § 1982 and state law tort claims were never formally reinstated after the court dismissed them without prejudice for her failure to file an application to proceed in forma pauperis ("IFP"). *See* DE 20 at 2. Plaintiff Tara Jett has since filed an IFP application, and Judge Jones granted that application. DE 23; DE 31.

Pursuant to its authority under Rule 60(a) of the Federal Rules of Civil Procedure, the court reinstates Plaintiff Tara Jett's Section 1982 and state law tort claims against George Coleman and Michael Coleman in light of her meritorious IFP application.

SO ORDERED this 2d day of December, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE